IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOHN COOKE, Individually, and d/b/a COOKE VISION, PLLC and/or TEMPLE VISION OF TEMPLE, TX<br><br>*Plaintiffs*,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>*Defendant*. | Case No. 6:25-cv-00393 |

### DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. ("*Chase*" or "*Defendant*") hereby removes this action brought by Plaintiffs John Cooke, Individually, and d/b/a Cooke Vision, PLLC and/or Temple Vision of Temple, TX ("*Cooke*" or *Plaintiffs*") from the County Court at Law No. 1 of Bell County, Texas, to the U.S. District Court for the Western District of Texas under 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, and without waiving any claims or defenses, Chase states as follows:

### PROCEDURAL REQUIREMENTS FOR REMOVAL

1.  On July 24, 2025, Plaintiffs initiated this action by filing an Original Petition in the County Court at Law No. 1 of Bell County, Texas, Case No. 25CCV01218 (the "*State Court Action*").

2.  A defendant may remove a civil action within thirty days after service. *See* 28 U.S.C. § 1446(b)(1). Chase was served with a citation and the Petition on July 29, 2025 by traceable mail. Removal is therefore timely.

3. Venue is proper because this Court is the federal district embracing the court in which Texas filed suit. *See* 28 U.S.C. § 1441(a).

4. Copies of all "summons, pleadings and orders" available in the State Court Action are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

5. A copy of the State Court Action's docket as of August 28, 2025 is attached as **Exhibit B**.

6. Written notice of the removal of this action is being served contemporaneously on Plaintiffs and filed with the County Court at Law No. 1 of Bell County, Texas. A true and accurate copy of the proposed Notice of Filing of Notice of Removal is attached as **Exhibit C**.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

7. Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) "requires 'complete diversity' of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992).

8. Diversity jurisdiction exists where a removing defendant establishes that the citizenship of the plaintiff is diverse from the citizenship of each served defendant. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397-98 (5th Cir. 2013). "Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business …." *Eng. v. Aramark Corp.*, No. 19-20412, 2021 WL 1561372, at *1 (5th Cir. Apr. 20, 2021) (citing *Mullins v. TestAmerica,*

*Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009)); *see also* 28 U.S.C. § 1332(c)(1). Here, the diversity requirement is satisfied.

9. "[T]he jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *see also Hamilton v. Mike Bloomberg 2020 Inc.*, 474 F. Supp. 3d 836, 844 (N.D. Tex. 2020), *aff'd*, No. 21-10576, 2021 U.S. App. LEXIS 33543, 2021 WL 5272218 (5th Cir. Nov. 11, 2021) (citing *St. Paul Reinsurance*).

10. As alleged in the State Court Action, Plaintiffs are residents of Bell County, Texas and their principal place of business is in Bell County, Texas. *See* Exhibit A. Therefore, Plaintiffs are citizens of Texas for diversity purposes.

11. Defendant is, and was at the time the State Court Action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for the purpose of diversity jurisdiction. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("[O]ne would sensibly 'locate' a national bank for the very same purpose, *i.e.*, qualification for diversity jurisdiction, in the State designated in its articles of association as its main office."); *see also HSBC Bank U.S., N.A. v. Johnson*, No. H-15-0277, at *3 (S.D. Tex. Apr. 25, 2016); *see also* 28 U.S.C. § 1332(a). Therefore, Defendant is not a citizen of Texas for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

12. Because the Plaintiffs are citizens of Texas and Defendant is a citizen of Ohio, complete diversity exists under 28 U.S.C. § 1332(a)(1).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13. To be removed under 28 U.S.C. § 1332(a), the amount in controversy in an action must "exceed[] the sum or value of $75,000."

14. Defendant denies that Plaintiffs are entitled to any of the relief sought in their Original Petition and does waive any defenses with respect to any of Plaintiffs' claims.

15. As set forth in the Original Petition, Plaintiffs allege they seek to recover actual damages for conversion in the amount of "approximately $150,000" as well as other damages. *See* Exhibit A, ¶ 6.10.

16. Pursuant to 28 U.S.C. § 1446(c), "the sum demanded in good faith in the initial pleading" is "the amount in controversy."

17. Because the amount of damages alleges and demanded in the Original Petition (i.e., $150,000) exceeds the sum of $75,000, the amount in controversy exceeds the jurisdictional threshold set out in 28 U.S.C. § 1332(a).

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

18. In addition to satisfying the requirements of diversity jurisdiction, Defendant has satisfied all other requirements for removal.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the U.S. District Court for the Western District of Texas – Waco Division is the federal judicial district embracing the County Court at Law for Bell County, Texas, where the State Court Action was originally filed.

## RESERVATION OF ALL RIGHTS AND DEFENSES

20. By filing this Notice of Removal, Defendant does not waive any defenses that may be available and reserves all such defenses. In addition, Defendant does not concede that Plaintiffs

stated any claim upon which relief can be granted, or that Plaintiffs are entitled to any relief of any kind or nature.

21. If any question arises as to the propriety of this removal, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable. Defendant also reserves the right to supplement this Notice of Removal as appropriate.

## CONCLUSION

22. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and in accordance with 28 U.S.C. § 1446(a).

23. Wherefore, Defendant removes this action to this Court based on 28 U.S.C. §§ 1332, 1441, and 1446 and prays that this Court take jurisdiction over this matter to its conclusions and final judgment in accordance with the law.

Dated: August 28, 2025

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Sydney Sgovio*
Cara Mittleman Kelly
State Bar No. 24074518
Cara.kelly@gtlaw.com
Sydney Sgovio
State Bar No. 24131289
Sydney.sgovio@gtlaw.com
300 W. 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7281
F: (512) 320-7210

**COUNSEL FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

    I hereby certify that on August 28, 2025, a true and correct copy of the foregoing was served on the following counsel of record via electronic mail.

John R. Francis
2584 Blue Meadow Drive
Temple, Texas 76502
Telephone: (254) 778-3669
Fax: (254) 773-2477
Email address: jrfpilaw76@gmail.com

***Attorney for Plaintiffs***

                                                  */s/ Sydney Sgovio*
                                                  Sydney Sgovio